UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAWN GACINA,** | 05-CV-4555 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **LIBERTY HEALTHCARE SYSTEM, INC. AND GREENVILLE HOSPITAL,** | HON. WILLIAM J. MARTINI |
| Defendants. | |

Arlindo B. Araujo
Garces & Grabler PC
235 Livingston Avenue
New Brunswick, NJ 08901

   (*Attorney for Plaintiff*)

Jed L. Marcus
Grotta, Glassman & Hoffman, P.A.
75 Livingston Avenue
Roseland, NJ 07068

   (*Attorney for Defendants*)

**MARTINI, U.S.D.J.:**

   This matter comes before the Court on Defendants Liberty Healthcare Systems, Inc. and Greenville Hospital's motion to dismiss Plaintiff Dawn Gacina's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendants' motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

   Plaintiff Dawn Gacina ("Plaintiff") worked for Defendants Liberty Healthcare System,

Inc. ("Liberty") and its member, Greenville Hospital ("Greenville") (together, "Defendants"), as a medical ward clerk and a medical ward secretary from April 1996 to April 12, 2005. (Compl. ¶ 1-2). As an employee of Defendants, Plaintiff was subject to a collective bargaining agreement ("CBA") between Greenville and her union, the Service Employee International Union ("SEIU"). (Compl. ¶ 5). The CBA contains various provisions relating to contractual wages, annual payment increases, longevity increases and benefits. (*See* Compl. ¶ 6). Plaintiff claims that, since December 2004, Defendants have not properly paid her under those provisions. (*See* Compl. ¶ 7).

On January 20, 2005, Plaintiff filed a grievance with her employer pursuant to Article X of the CBA. This article provides a three step procedure for filing a grievance. (*See* Compl. ¶ 8). Under Step 1, an employee or her SEIU representative must first present the grievance to the employee's immediate supervisor. The immediate supervisor must then answer the grievance within two working days. If the grievance is not settled under Step 1, the employee or the SEIU must then proceed to Step 2 and submit a written grievance to the employee's department head. The department head must then render a written decision within three working days. If the grievance is still not settled, the employee or the SEIU must proceed to Step 3 and present the grievance in writing to the personnel director, who must then render a written decision within three working days.

Notably, Article X of the CBA provides that failure by Greenville to answer a grievance in any step of the grievance process shall not be deemed acquiescence thereto, and that the SEIU may proceed to the next step. The CBA also provides that if an employee remains aggrieved after the conclusion of the grievance process, the grievance may then be referred to arbitration by

1

Greenville or the SEIU.  If the arbitrator issues a decision, that decision is considered final, conclusive and binding upon Greenville, the SEIU, and the employee.

According to Plaintiff, neither Greenville nor the SEIU proceeded to Step 2 of the grievance procedure and she therefore exhausted her administrative remedies under the CBA. (*See* Compl. ¶¶ 9-10).  In her complaint, Plaintiff sets forth three grounds of relief.  First, Plaintiff claims that Defendants breached the CBA by failing to pay her in accordance with its provisions.  (Compl. ¶ 12-13).  Second, she alleges that Defendants breached their duty of good faith and fair dealing with respect to their contractual relationship with Plaintiff.  (Compl. ¶14-15).  Finally, Plaintiff contends that Defendants failed to timely and accurately provide an accounting to Plaintiff of her correct contractual wages, back pay, longevity increases and benefits, and an itemized accounting of accrued pension benefits.  (Compl. ¶ 18-19).

Plaintiff initially filed suit against Defendants in the Superior Court of New Jersey, Middlesex County.  Defendants removed this matter and promptly moved to dismiss Plaintiff's complaint for failure to state a claim.  In their brief, Defendants argue that the grievance and arbitration provisions contained in the CBA were the exclusive remedy available to Plaintiff, and that Plaintiff has not exhausted this remedy.  Defendants also request the Court to award them attorneys' fees and costs.  This motion is now before the Court.

## DISCUSSION

**I.      Standard of Review.**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v.*

*Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, extrinsic documents that are integral to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *DeFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 444 n.2 (3d Cir. 2003).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

**II.     Plaintiff's Complaint Must Be Dismissed for Failure to State a Claim.**

This dispute arises under § 301 of the Labor Management Relations Act of 1947, which authorizes suits in district courts for "violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a) (2005).  Although § 301 does not expressly authorize suits by an individual employee to enforce a collective bargaining agreement, it is well settled that § 301 authorizes such suits so long as the collective bargaining agreement does not provide otherwise. *Ames v. Westinghouse Elec. Corp.*, 864 F.2d 289, 292 (3d Cir. 1988).  If the collective bargaining agreement provides for the settlement of disputes through grievance and arbitration procedures, such as the one presently before the Court, those remedies are binding on the employee, and the employee's dispute must be dismissed if those remedies have not been exhausted.  *Republic Steel v. Maddox*, 379 U.S. 650, 652 (1965); *Seborowski v. Pittsburgh Press Co.*, 188 F.3d 163, 168 (3d Cir. 1999); *Ames*, 864 F.2d at 292.  There are two exceptions, however, to this exhaustion

requirement. The first is when the union breaches its duty to fairly represent its employees in handling contract disputes. *Ames*, 864 F.2d at 292; *Seborowski*, 188 F.3d at 168; *see also Wilkins v. ABF Freight Sys.*, No. 03-6610, 2005 U.S. Dist. LEXIS 20310, at *19-20 (3d Cir. Sep. 15, 2005). The second is when the employee's suit is based upon a federal statutory right separate from the agreement. *Moldovan v. Great Atlantic & Pacific Tea Co.*, 790 F.2d 894, 896 (3d Cir. 1986) (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 737 (1981); *Alexander v. Gardner-Denver*, 415 U.S. 36, 59-60 (1974)). In either instance, a Plaintiff can circumvent the established grievance and arbitration procedures contained in their collective bargaining agreement and proceed directly to federal court.

Although Plaintiff alleges in her complaint that she exhausted her remedies under the CBA, she fails to assert that the SEIU breached its duty of fair representation in processing her grievance or that the SEIU or Defendants violated a federal statutory right separate from the CBA. Without such allegations, Plaintiff cannot circumvent the established grievance procedures contained in the CBA and proceed directly to civil litigation. *See, e.g., Cady*, 486 F.2d at 1337-38 ("Absent a showing of breach of the Union's duty of fair representation, disposition of the claim pursuant to the grievance procedures of the contract is final."). The fact that the SEIU refused to process Plaintiff's grievance does not mean that the grievance and arbitration provisions of the CBA lost their exclusivity. *See Ferraro v. Fell Atlantic Co.*, 2 F Supp. 2d 577, 590 (D.N.J. 1998) ("In suits arising under Section 301 of the LMRA, courts must give 'full play' to the means chosen by the parties for settlement of their differences under the collective bargaining agreement.") (quoting *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 566 (1960)). As such, allowing Plaintiff to sue Defendants in this Court

4

would permit Plaintiff to sidestep the grievance and arbitration provisions contained in the CBA and obliterate the well-established policy of supporting "the facilitation of private, rather than judicial, resolution of disputes arising from [a] collective bargaining agreement." *Sagaral v. Mountainside Hosp.*, No. 99-2785, 2001 U.S. Dist. LEXIS 6838, at *25 (D.N.J. Feb 26, 2001) (citing 29 U.S.C. § 185).  This cannot be allowed.  Accordingly, Defendant's motion to dismiss Plaintiff's complaint is granted and Plaintiff's complaint is dismissed with prejudice.[1]

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  Defendants' request for fees and costs is **DENIED**.  An appropriate Order accompanies this Opinion.


Dated:   January 13, 2006                            s/ William J. Martini
                                                     **William J. Martini, U.S.D.J.**

---

[1]Defendants additionally raise the issue of whether or not Plaintiff had standing to institute this lawsuit.  Defendants, however, first raised this issue in their reply brief in support of their motion to dismiss.  As such, it is improper for the Court to consider this issue.  *Bayer AG v. Schein Pharmaceutical*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001).  In addition, resolution of this issue is of no effect since Plaintiff's complaint is dismissed on other grounds.

The Court will also deny Defendants' request for attorneys' fees.  Defendants fail to provide this Court with any basis for awarding such fees.